No. 25,072.

JULIA STOKES, *Appellee*, v. ELMER HAWKINS, PETE KOCLANES et al., *Appellants*.

### SYLLABUS BY THE COURT.

1. PROMISSORY NOTES—*Given on Contract for Purchase of Bakery—Defense of Fraud—No Fraud Shown*. The Federal System of Baking Company leased to the Risser-Rollins Company a system or process and certain equipment for manufacturing bread and rolls. Under the lease a bakery was installed and operated. The defendants purchased a one-half interest in the bakery under a contract which specifically mentioned, and had attached thereto, a copy of the original contract between the Federal company and the R.-R. company. Some months later the defendants, who were operating the bakery, purchased the other half interest, and, as a part of the consideration, signed notes sued on in this action. Payment of the notes was refused on the ground that they had been procured on representations that the defendants were to receive the absolute title to the equipment. *Held*, that defendants were bound by the stipulations and limitations of the original contract with the Federal System of Baking Company construed with their own contract of purchase.

2. SAME—*Assignments of Error Not Well Founded*. Various assignments of error considered and held not to be well founded.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed June 7, 1924. Affirmed.

*A. J. Herrod,* and *H. S. Roberts,* both of Kansas City, for the appellants.

*T. A. Pollock,* and *Elmer E. Martin,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover on promissory notes. The defense was false representations and fraud in procuring the notes, and that the plaintiff was not a holder for value in due course. The plaintiff prevailed and defendants appeal.

The facts were substantially as follows: The Federal System of Baking Company leased to the Risser-Rollins Company, a partnership, a patented system or process of manufacturing bread and rolls, together with certain equipment, consisting of ovens, fittings and other fixtures for the operation of a bakery. The Risser-Rollins Company established a bakery in Kansas City, Kan., in a building which it leased from the defendant Pete Koclanes and E. P. Koclanes. The Risser-Rollins Company assigned the Federal company contract and transferred the bakery to the Bishop Grain Company, which operated the bakery, with one H. M. Rollins in charge. About Octobed 31, 1919, the Bishop Grain Company sold an undivided one-half interest in the bakery to Pete and E. P. Koclanes. This contract, dated October 31, 1919, among other things, provided that the Bishop Grain Company "does hereby sell, assign, convey, transfer and set over unto Pete Koclanes . . . their one-half interest in the right, title and interest in and to the attached leasehold agreement with the Federal System of Bakeries, covering the right to use the machinery and processes of said Federal System of Bakeries in Kansas City, Kansas." A copy of the agreement between the Federal company and the Risser-Rollins Company was turned over to the Koclanes. Afterwards the Bishop Grain Company sold the remaining one-half interest to Elmer Hawkins, who, with the Koclanes, operated the bakery. Hawkins executed his notes to the Bishop Grain Company in payment of his one-half interest. They were signed by the Koclanes as sureties. Afterwards Hawkins sold his one-half interest in the bakery to the Koclanes, they assuming his liability for the balance then remaining on the purchase price to the Bishop Grain Company. The Bishop Grain Company transferred the notes in question to the plaintiff, who brought this action.

The controversy arises from the fact that the Koclanes claim that

in purchasing the bakery it was represented to them, and they understood, that they were purchasing the bakery and equipment absolutely, rather than a leasehold or license interest therein. A jury was selected and the evidence introduced, at the close of which the court instructed the jury to return a verdict for the plaintiff.

It is contended by the defendants that there was ample evidence to support the claim of fraudulent misrepresentations. It is neither necessary nor would it be profitable to set out and analyze the evidence. It showed that a copy of the original contract between the Federal company and the Risser-Rollins Company was turned over to the defendants and retained by them for a considerable time before signing the notes in controversy. Defendants' contract with the Bishop Grain Company specifically referred to the leasehold agreement with the Federal company. There is no contention but that whatever rights were conveyed by the Federal company under its contract were assigned and transferred to the defendants. The statements or representations made in connection with the transfer were, at best, no more than an interpretation placed upon the contract by the Bishop Grain Company or its agent. The defendants were bound by the conditions of the two contracts construed together.

Complaint is made because the court struck out parts of the answer of the defendants. It appears, however, that more than six months had elapsed after the making of the court's order before the appeal was perfected, so that the alleged error is not available for review.

Complaint is also made of the rejection of evidence. The provision requiring that rejected evidence be reproduced on the motion for a new trial (R. S. 60-3004) seems not to have been complied with, so that the complaint is not available for review in this court.

Considering all the circumstances—that the Koclanes, on October 31, 1919, came into possession of a copy of the contract between the Federal company and the Risser-Rollins Company at the time when they purchased the first one-half interest; that they retained possession of the contract and operated the bakery as half owner with the Bishop Grain Company until December 15, 1919; that they paid notes given as part payment for the purchase of the first one-half interest after operating the bakery for a considerable time; that on December 15, Hawkins became the owner of the other half interest; and that the Koclanes operated the bakery with him, as owners, un-

til March, 1920, when they purchased his one-half interest, for which the notes in controversy were given—we conclude that defendants were bound to know the stipulations of the original contract and to know that they had purchased according to its terms, rather than an outright purchase of all the equipment.

We have considered various other complaints, but find no error which would warrant a reversal. The judgment is affirmed.